JOHN MILLER, esq. late Sheriff of Lancaster county *against* MICHAEL
FOUTZ and MICHAEL WITHER, surviving obligors.

Same *against* MICHAEL FOUTZ, surviving obligor.  Same *against*
Same.

Bail for defendant on a claim of property in replevin, are liable to the extent of their
bonds.

CASE submitted to the court for their opinion.

A replevin was brought by John Brubaker against John Brua, for
taking and detaining a large quantity of wheat and rye in shocks,
of the value of 276*l.* 12*s.* 6*d.*  On the now plaintiff's executing the
writ, Brua claimed property, and he together with Foutz and Wither
the defendants, executed a bond to him in the penalty of 553*l.* 5*s.*,
conditioned for Brua's appearance at the next court to answer, &c.
On a trial at Nisi Prius, at Lancaster, on the 28th September 1796,
Brubaker recovered against Brua, who is since deceased, 274*l.* 5*s.* the
value of the grain, with 112*l.* 0*s.* 8*d.* the damages for the detention,
and six pence costs.

The said Brubaker, also brought a second replevin against Brua, for
a quantity of oats, hay and flax, of the value of 23*l.* 2*s.* on which the
latter likewise claimed property, and together with Foutz the defendant,
gave a bond in the penalty of 50*l.* conditioned as above, and on trial
on the said 28th September, a verdict passed for the then plaintiff for
22*l.* 10*s.* the value of the articles, with 18*l.* 3*s.* 7*d.* the damages for
the detention, and six pence costs.

Micheal Brubaker brought likewise a replevin against the aforesaid
Brua for a quantity of oats in shocks, of the value of 27*l.*, on which he
also claimed property, and together with Foutz the defendant, gave a
bond in the penalty of 55*l.* conditioned as above.  On trial a verdict
passed for the then plaintiff for 25*l.*, the value of the oats, with 25*l.*
2*s.* 6*l.* the damages for the detention, and six pence costs.

The foregoing bonds have been put in suit, and the question for the
court's decision is, how far the sureties in the replevin bonds are liable
in the actions brought thereon, whether to the whole amount of the re-
covery against the principal, or only to the value of the property taken,
and mentioned in the conditions of the respective bonds ?

It was said on behalf of the bail, that as the plaintiff cannot recov-
er damages beyond the value of the distress against the sheriff for tak-
ing insufficient pledges in replevin, (4 Term Rep. 433. Dall. 341,)

the bail is, by parity of reason, responsible only to the amount of the value of the articles in controversy.

But by the court. Even on this ground, there are different adjudications ;* and our act of assembly, (passed 21st March, 1772, § 11. 1 Dall. St. Laws, 616,) pursues the precise words of the British statute, (11 Geo. 2, c. 19, § 23. 6 Ruff. Stat. 301,) except that the assignment of the bond must be on stamped paper, before the suit was brought thereon in England. The same practice obtained before the passing of the statute, Garth. 519. Espin. 348. 5 Com. Dig. 404. But why should the plaintiff recover the mere value of the goods only ? Suppose a family picture, or piece of plate, or, (as this case turned out in evidence on the trial,) the produce of a farm for one whole year, unlawfully taken and detained by a wrong-doer, shall the mere value of the property be the sole measure of damages ? Clearly not. And this being a defendant's bond, given on his claim of property to the sheriff, it is now settled, that the bail are liable to the full amount of the penalty of their bail bond.†

Messrs. C. Smith and Hopkins, *pro quer*.
Messrs. Ingersoll and Montgomery, *pro def.*

---

*Plaintiff may recover against a sheriff for taking insufficient sureties in a replevin bond, more than double the value of the goods distrained. Per Lord Loughborough. Concanen *v.* Lethbridge. Easter, 32 Geo. 3. 2 H. Bla. 40. But it was afterwards determined, that the sheriff in such case is liable in damages to the extent of double the value of the goods distrained, but no further. Evans *v.* Brander *et al.* Trin. 35 Geo. 3. 2 H. Bla. 550.

† 1 H. Bla. 76. 2 Stra. 922. Though it was formerly held, that bail were not liable beyond the sum sworn to and the costs. Doug. 316. Lofft. 545. Tidd's Pract. 131, (note 9.) Bullo. 606.